UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JONATHAN TROSS, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:11-CV-01326 (JCH) |
| | : | |
| v. | : | |
| | : | |
| THE RITZ-CARLTON HOTEL | : | FEBRUARY 23, 2012 |
| COMPANY, LCC, ET AL. | : | |
|    Defendants. | : | |

**RULING RE: MOTION TO REMAND TO STATE COURT AND TO CONDUCT LIMITED DISCOVERY [Doc. No. 11]**

**I.   INTRODUCTION**

On January 24, 2011, Jonathan Tross ("Tross"), brought this action against The Ritz-Carlton Hotel Company, LCC, Marriott International, Inc. and The Ritz-Carlton Virgin Islands, Inc. ("defendants") in the Connecticut Superior Court, Judicial District of Hartford, for injuries allegedly caused by the negligence of the defendants.  See Compl. (Doc. No. 1-1) ¶ 8.  On August 18, 2011, the defendants removed this action to federal court, pursuant to section 1446 of title 28 of the United States Code.   Objection to Motion for Remand (Doc. No. 12) (hereinafter "Defs.' Obj.") at 2.

Tross now moves to remand this action to state court for untimely removal.  See Motion to Conduct Limited Discovery and to Remand to State Court (Doc. No. 11) at 1. For the reasons set forth below, the court denies the plaintiff's Motion to Remand and denies the Motion to Conduct Limited Discovery.

## II.     FACTUAL BACKGROUND[1]

Tross is a citizen of the State of Connecticut. Compl.¶ 4. The defendants owned, maintained, and controlled commercial premises known as The Ritz-Carlton, St. Thomas, located at 6900 Great Bay, St. Thomas, U.S. Virgin Islands, 00802. Compl.¶ 5. None of the defendants are citizens of Connecticut. Compl. ¶¶ 1-3.

On August 25, 2010, Tross was a hotel guest at The Ritz-Carlton, St. Thomas premises, where he was allegedly struck by a falling wall tile located in the bathroom shower of his hotel room. Compl.¶¶ 6-7. Tross allegedly suffered injuries and, as a result, incurred medical expenses in addition to suffering lost wages and impairment to his earning capacity. Compl.¶¶ 8-11. Consequently, Tross filed a complaint against the defendants seeking damages in excess of $15,000. Compl.¶ 1. There is no dispute as to diversity of citizenship, and the parties now agree that the amount in controversy exceeds $75,000. Defs.'Obj. at 2.

## III.    DISCUSSION

A.   Removal

A defendant can remove any civil action that is brought in State court if the requirements of section 1332(a) of title 28 of the United States Code are met. 28 U.S.C.§ 1441(b). Removal is subject to the time limitations set forth in section 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

---

[1] There is no dispute as to the facts in Tross' Complaint pertinent to this Motion, unless otherwise noted.

2

paper from which it may first be ascertained that the case is one which is or has become removable . . . .

"A case is removable when the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading."  Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001).Where the plaintiff chooses not to delve into the specifics of his claim or elaborate on the extent or severity of his injuries in the complaint, the complaint does not contain sufficient information to conclude the claim exceeded $75,000.  See Dell'Aera v. Home Depot, U.S.A., Inc., No. 3:07-CV-525, 2007 WL 2071632, at * 4 (D. Conn. July 13, 2007).  A defendant is not required to look beyond the initial pleading to determine the amount in controversy.  Whitaker, 261 F.3d at 206.  Otherwise, "requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation."  Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).  The Moltner court thus held: "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  Id.

If it is not possible from the initial pleadings to determine that the case may be removed, a defendant can remove within thirty days of learning a case is subject to federal jurisdiction.  Dell'Aera, 2007 WL 2071632, at *3 (citing Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 199-200 (D.Conn.2004)).  According to section 1446(b), a defendant can remove a case even after the thirty day deadline, but within one year of service of the complaint, if an "order" or "other paper" allows the defendant to determine removability within that time frame.  28 U.S.C. § 1441(b); see also Ins. Co. of State of Pa. v. Waterfield, 371 F. Supp. 2d 146, 151 (D. Conn. 2005) (holding that the

denial of defendant's motion for extension of time was not an "order" or "other paper" that would have excused the defendant from the thirty-day deadline for removal of the case to federal court). Within the meaning of the statute, an "order" or "other paper" must contain a monetary amount or allow a specific amount to be ascertained. Ins. Co. of State of Pa., 371 F. Supp. 2d at 151.

Tross argues that it is clear from the allegations in the Complaint that damages exceeded $75,000. See Plaintiff's Memorandum of Law in Support of Motion to Conduct Limited Discovery and Remand to State Court (Doc. No. 11-1) (hereinafter "Pl.'s Mem. in Supp.") at 2. Tross' Complaint alleges damages only in excess of $15,000, which, according to Whitaker, does not contain sufficient information on the face of the pleading to allow the defendants to ascertain removability. Whitaker, 261 F.3d at 205-06.

Tross further argues that the defendants were on notice of the value of the case when his counsel informed the defendants' claim adjustor, Greg Hurst, that the case had a substantial value in excess of $100,000. Pl.'s Mem. in Supp. at 2-3 (citing Affidavit of Joel Faxon (Doc. No. 11-3) at ¶ 3). This conversation, however, is not considered "other paper" within the meaning of the statute. According to Moltner, the Plaintiff would have to serve the defendants with a paper that explicitly stated the case was worth in excess of $75,000. Moltner, 624 F.3d at 38.

In contrast, Tross's medical records provided to the defendants on July 25, 2011, are considered "other paper" within the meaning of the statute, as they were served as a response to the defendants' Notice to Produce. Defs.'Obj. at 2. Accordingly, the defendants' removal was proper because the notice of removal was filed twenty five

days after Tross served the partial discovery responses, which included copies of his medical records that enabled the defendant to "intelligently ascertain" the amount of controversy exceeded $75,000.  Whitaker, 261 F.3d at 205-06.

    B.  Request for Limited Discovery

The defendants' removal was proper under section 1446(b).  The plaintiff's request for limited discovery related to jurisdiction is unnecessary.

## IV.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Remand and the Motion To Conduct Limited Discovery [**Doc. No. 11**] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of February, 2012.

                  /s/ Janet C. Hall
                  Janet C. Hall
                  United States District Judge