UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN TROSS AND | : | CIVIL ACTION NO. |
| THERESA TROSS, | : | 3:11-cv1326 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RITZ CARLTON HOTEL COMPANY, | : | MARCH 5, 2013 |
| LLC, ET AL., | : | |
|     Defendants. | : | |

RULING RE:  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MOTION TO TRANSFER OR DISMISS (DOC. NO. 25)

I.    INTRODUCTION

Plaintiffs Jonathan Tross and Theresa Tross (collectively, the "Trosses")

commenced this action against defendants Ritz Carlton Hotel Company, LLC ("RCHC"),

Marriott International, Inc. ("Marriott"), and Ritz Carlton Virgin Islands ("RCVI")

(collectively, the "defendants").  The Amended Complaint (Doc. No. 36) alleges two

counts.  Count 1 claims that the defendants' negligence caused injuries to Mr. Tross.

Count 2 claims that Mrs. Tross suffers from loss of consortium in connection with the

injuries to Mr. Tross alleged in Count 1.  The defendants have filed a combined Motion

for Summary Judgment and Motion to Dismiss for Forum Non Conveniens and for

Failure to Join A Necessary and Indispensable Party (Doc. No. 25) (the "Motion").[1]

---

[1] The Motion originally sought for the case to be dismissed on forum non conveniens grounds. See Defs.' Mem. Mot. Summ. J. and Dismissal (Doc. No. 26) ("Defs.' Mot.") at 10.  However, the parties now agree that the relief sought should be transferal under 28 U.S.C. § 1404, not dismissal.  See Pls.' Opp. to Defs.' Mot. (Doc. No. 61) ("Pls.' Opp.") at 9; Defs.' Reply Br. at 7.  Accordingly, the court will treat the relevant portions of the defendants' Motion as a Motion to Transfer under section 1404.

II.     **STATEMENT OF FACTS**[2]

On August 25, 2010, the Trosses were in a hotel room at the Ritz-Carlton Hotel in St. Thomas, Virgin Islands.  Mr. Tross was in the shower in their hotel room and was struck on the head by a falling tile.  At the time, the hotel was owned by RC Hotels (Virgin Islands) Inc. ("RCHVI"), a Delaware corporation and a wholly owned subsidiary of defendant Marriott.  Pl.'s Local Rule 56(a)(2) Statement ¶¶ 4.  Pursuant to an operating agreement between RCHVI and RCVI, the hotel was operated, maintained, possessed, and controlled by defendant RCVI at the time of the accident.  Id. ¶ 4.

In or around June 2006, Cliff Creek Builders, Inc. ("Cliff Creek"), which is not a named defendant in this action, allegedly entered into a contract with RCHVI to renovate the hotel, including doing tile work in the guest bathrooms.  Defs.' Mem. Mot. Summ. J. and Dismissal (Doc. No. 26) ("Defs.' Mot.") at 5.[3]  According to the defendants, that contract provided that Cliff Creek would "defend, indemnify and hold harmless" RCHVI, Marriott, and "all their related companies" from "all claims, damages, losses, and expenses including, but not limited to, economic loss, direct and indirect, and reasonable attorney's fees and expenses, arising out of or resulting from performance of the work."  Id.; Contract Between RCHVI and Cliff Creek (Doc. Nos. 26-8, 26-9), Ex. 2 to Affidavit of Deborah R. Nichols ("Nichols Affidavit"), at RC0225.

---

[2] For the purposes of the instant Motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the nonmoving plaintiffs, where there is evidence to support their allegations.

[3] Defendants did not file a Local Rule 56(a)(1) Statement, as required by the Local Rules.

### III.   STANDARD OF REVIEW

A. Motion for Summary Judgment

A motion for summary judgment "may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  Thus, the role of a district court in considering such a motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Id.  In making this determination, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  See Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to summary judgment." United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009).  Once the moving party has satisfied that burden, in order to defeat the motion, "the party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that a

non-moving party must point to more than a mere "scintilla" of evidence in order to defeat a motion for summary judgment).

    B. <u>Motion to Dismiss</u>

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that plaintiff is entitled to relief. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'" (alteration in original)). As with Rule 12(b)(1), the court takes the factual allegations of the complaint to be true, <u>Hemi Grp., LLC v. City of New York</u>, 130 S.Ct. 983, 986–87 (2010), and draws all reasonable inferences in plaintiff's favor, <u>Fulton v. Goord</u>, 591 F.3d 37, 43 (2d Cir. 2009). However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (citing <u>Twombly</u>, 550 U.S. at 555). Additionally, the court considers only "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005) (citing <u>Newman & Schwartz v. Asplundh Tree Expert Co.</u>, 102 F.3d 660, 662 (2d Cir. 1996)).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

## IV.   DISCUSSION

The defendants argue that they are entitled to summary judgment under choice of law principles.  RCHC and Marriott also argue that they are entitled to summary judgment because, as a matter of law, the Trosses cannot establish all of the elements of negligence as against them.  Finally, the defendants argue that the Amended Complaint should be transferred under 28 U.S.C. § 1404, or dismissed for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

### A.   Motion for Summary Judgment

#### 1.  Failure to Provide Rule 56(a)1 Statement

As a preliminary matter, the Trosses argue that the Motion should be dismissed due to the defendants' failure to file a Rule 56(a)1 Statement as required by the Local Rules, which provide:  "There shall be annexed to a motion for summary judgment a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Local Rule 56(a)(1).  The defendants argue that dismissal is not required by the Local Rules, and that this court may exercise its discretion and decline to dismiss the Motion.  Defs.' Reply Br. (Doc. No. 66) at 2 (citing Local Rule 56(a)(3)).  The defendants contend that they have "substantially complied" with Local

Rule 56(a)1, as all material facts upon which their Motion relied are "contained in their motion papers" and are adequately sourced. Id.

Local Rule 56(a)(3) provides that the "failure to provide specific citations to evidence in the record as required by this Local Rule may result . . . in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment . . . ." Local Rule 56(a)(3) (emphasis added). In this Circuit, a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion. See, e.g., Tota v. Bentley, 379 Fed. Appx. 31, 32–33 (2d Cir. 2010) (noting that Local Rule 56.1 of the Western District of New York "permits—but does not require—the denial of a non-compliant motion for summary judgment," and affirming the district court's decision to permit the motion to go forward).

In this case, this court does not agree that the defendants have substantially complied with the Local Rules. The defendants are the ones who moved for summary judgment, and yet they failed to provide the required statement in any of their motion papers. Further, the Local Rules require that the Local Rule 56(a)1 Statement should list "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Local Rule 56(a)(1). The fact that the defendants have provided citations and stated facts in their moving papers does not satisfy this requirement. For example, it does not indicate to this court, or to the Trosses, exactly which statements the defendants intended to constitute their Local Rule 56(a)1 Statement. If this court were to deem the statements in the defendants' Motion a substitute for their Local Rule 56(a)1 Statement, this would require the Trosses to mine

6

the defendants' papers and identify statements to admit or deny for purposes of their Local Rule 56(a)2 Statement.  See Local Rule 56(a)(2) (requiring non-movant to submit Local Rule 56(a)2 Statement admitting or denying each statement listed in Local Rule 56(a)1 Statement).  This court refuses to burden the Trosses because of the defendants' failure to comply with the Local Rules, of which the defendants had ample notice.  Accordingly, the court dismisses those portions of the Motion that seek summary judgment.

The defendants also argue that their failure to provide a Local Rule 56(a)1 Statement is irrelevant for purposes of deciding those portions of their Motion that seek transfer or dismissal on non-summary judgment grounds.  Defs.' Reply Br. at 2.  This court agrees that it may decide the portion of the Motion seeking to transfer the case under 28 U.S.C. § 1404, as well as the portion seeking dismissal under Rule 19, despite the defendants' failure to file a Local Rule 56(a)1 Statement.  Accordingly, the court will evaluate those arguments on the merits.

B. Motion to Transfer Under 28 U.S.C. § 1404

Under section 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The purpose of section 1404 is "to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice."  Garnet Analytics, Inc. v. Diversified Solutions, Inc., No. 12-CV-716, 2012 WL 5878664, *5 (D. Conn. Nov. 21, 2012).

Here, the defendants seek transfer of this case to the Virgin Islands.[4]  The party

seeking the transfer carries a heavy "burden of making out a strong case for transfer."

Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir.

1989) (internal quotation marks omitted).  A court should exercise its discretion to

transfer a case only if there is "clear and convincing evidence" that it should do so.  N.Y.

Marine and Gen. Ins. Co. v. LaFarge N.A., Inc., 599 F.3d 102, 114 (2d Cir. 2010)

(collecting district court cases).  Further, a court generally "should give deference to a

plaintiff's choice of forum."  Iragorri v. United Technologies Corp., 274 F.3d 65, 70 (2d

Cir. 2001); Garnet Analytics, Inc., 2012 WL 5878664, at *5 (noting a "strong

presumption in favor of a plaintiff's choice of forum.").  This presumption of deference

may be overcome only by "clear and convincing evidence that private and public

interest factors favor trial in the alternative forum."  Id. (citing Piper Aircraft Co. v.

Reyno, 454 U.S. 235 (1981)).  After weighing those factors, a plaintiff's choice of forum

"should rarely be disturbed unless the balance is strongly in favor of the defendant."  Id.

(citing Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950)).

Moreover, a "plaintiff's choice of forum is generally entitled to great deference

when the plaintiff has sued in the plaintiff's home forum."  Iragorri, 274 F.3d at 71

(citations omitted); but see Colantonio v. Hilton Int'l Co., No. Civ. A. 03-1833, 2004 WL

---

[4] In 2011, Congress amended section 1404 to add, "Transfers from a district court of the United States to . . . the District Court of the Virgin Islands shall not be permitted under this section."  Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("Venue Clarification Act"), Pub. L. No. 112-63, 125 Stat. 758, 764 (2011) (amending 28 U.S.C. § 1404(d)).
   However, this amendment did not become effective until after this action was commenced.  The Act was approved on December 7, 2011, and provided that "amendments made by this title shall take effect" 30 days after the enactment of the Act and "shall apply to any action . . . commenced on or after" the Act's effective date."  Id. at 762.  This action was commenced several months earlier.  See Compl. (Doc. No. 1-3) (dated March 30, 2011); Venue Clarification Act at 762 ("[A]n action . . . commenced in State court and removed to Federal court shall be deemed to commence on the date the action . . . was commenced . . . in State court.").  Accordingly, that amendment does not apply to this action.

1810291, *5 (E.D. Pa. Aug. 13, 2004) (granting "diminished" deference to plaintiff's choice of forum where "the operative facts giving rise to the Plaintiffs' claims" occurred abroad).  Here, the Trosses are citizens of the State of Connecticut and have selected Connecticut as their forum of choice.  Thus, the court defers to the Trosses' choice of forum and will not override their choice unless other factors weigh strongly in favor of transfer.

After determining the deference due to a plaintiff's choice of forum, courts in this District consider several other factors, including:  (1) the locus of operative facts; (2) access to evidence; (3) the convenience of witnesses; (4) the availability of compulsory process to compel witness testimony; (5) the convenience of the parties; (6) the familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and (9) the interests of justice.  Bricken v. Bergtholdt, No. 11-cv-1992, 2012 WL 2958217, *3 (D. Conn. July 19, 2012) (citing USES Mfg., Inc. v. Rocky Mtn. Institute Research, 94 F. Supp. 2d 218, 223 (D. Conn. 2009)); N.Y. Marine and Gen. Ins. Co., 599 F.3d at 112 (listing similar factors in different order).  This court finds that these factors do not weigh so strongly in the defendants' favor so as to override the presumption in favor of the Trosses' choice of forum.

1.  The Convenience of the Parties and Witnesses

The convenience of the parties and witnesses are "generally the most important factors in a court's determination of whether to grant a motion to transfer."  USES Mfg., Inc., 94 F. Supp. 2d at 223 (internal quotation marks and citations omitted).  Here, the Trosses are citizens and residents of Connecticut, while the defendants are two Delaware corporations and a Delaware LLC.  Transferring the case would result in

significant inconvenience for the Trosses, notwithstanding the defendants' claims that the Trosses have the ability to "travel to the Virgin Islands." Defs.' Mot. at 16. On the other hand, as Delaware-incorporated entities, the convenience factor does not seem to be significant for the defendants.

With respect to potential witnesses, the plaintiffs, their physicians, and two of their experts reside in Connecticut. Pls.' Opp. at 12. However, any hotel employees who may have witnessed the alleged incident likely reside in the Virgin Islands. Further, local physicians who treated Mr. Tross immediately after his accident, as well as anyone who would have been responsible for maintaining the shower tiles, likely are located in the Virgin Islands. Defs.' Mot. at 16.

The defendants argue that this court should give more weight to the location of "liability witnesses," who are located mostly in the Virgin Islands, than to "damages witnesses," who are located mostly in Connecticut, because "damages testimony only becomes relevant if plaintiff succeeds on liability." See Defs.' Mot. at 15–16. This court does not agree. Both the liability and damages phases of the trial are necessary for the plaintiffs to prove they are entitled to relief, and this court is unlikely to bifurcate the two phases of the trial.[5] Further, the cases on which the defendants rely consist of three non-binding district court cases from the Eastern District of Pennsylvania, the most recent of which involved foreign defendants located in Italy. See id. (citing Colatonio).

---

[5] The defendants contend that "[t]he District Court for the Virgin Islands routinely bifurcates trials in negligence cases," Defs.' Reply Br. at 10, but cites only four cases decided between 1975 and 1987 in support of this assertion.

In contrast, the named defendants here are Delaware corporations, at least two of whom apparently have a mailing address in Bethseda, Maryland.[6]  Pls.' Opp. at 4.

Because the plaintiffs' witnesses are mostly located in Connecticut, and the defendants' witnesses are mostly located in the Virgin Islands, this factor does not weigh heavily for either side.

### 2.  The Locus of Operative Facts and Access to Evidence

The alleged accident occurred in the Virgin Islands.  However, this fact only slightly favors the defendants.  The accident occurred over two years ago, and the defendants have not provided a persuasive reason why access to the location of the accident, which has since been repaired, is critical.  Moreover, wherever the trial is held, the jury presumably will have access to photographs taken at the time of the accident, as well as any other evidence obtained at the site of the accident.

### 3.  Availability of Compulsory Process

Related to the above issues, the defendants argue that "[a]ny employees that interacted with plaintiff immediately following the accident were employees of entities not named in this suit and residents of the U.S. Virgin Islands."  Defs.' Mot. at 16. However, the defendants have not specified who these entities and employees are, nor have the defendants shown that they would be unwilling or unable to testify.  Further, the ability to conduct video depositions of witnesses reduces the chance that the choice of a particular forum will significantly hamper either side's ability to provide testimony of

---

[6] According to the Trosses, the mailing address for RCVI and Marriott is "10400 Fernwood Road, Bethseda, Maryland."  Pls.' Opp. at 4.

11

individuals otherwise unable to travel to testify in person.[7]  Finally, to the extent that any

of the defendants' witnesses are employees under the control of any of the defendants,

the defendants have not shown why they could not provide those witnesses to testify in

either forum.  Based on these reasons, this factor does not weigh heavily in either

party's favor.[8]

      4.     Other Factors

The remaining factors also do not weigh heavily for either side.  The familiarity of

the forum with the governing law is negligible.  As the Trosses argue, the law of the

Virgin Islands is "the common law of the United States,"  Pls.' Opp. at 19, and the

defendants have not identified substantive Virgin Islands law that would otherwise

govern.  The financial means of the defendants, who are large corporations, are likely

higher than that of the Trosses, which favors the Trosses slightly.  Trial efficiency is

unlikely to be an issue, as either court is likely to operate with similar efficiency.  Finally,

the parties have raised no other issues that would "in the interests of justice" strongly

favor one forum over the other.

Considering all the factors as laid out above, the court declines to exercise its

discretion to transfer this case under section 1404.

---

[7] To the extent that the defendants argue that any witnesses reside more than 100 miles from the federal courthouse in Connecticut, and thus could not be compelled to testify at deposition or trial, the opposite problem would be true for the Trosses' witnesses if the trial were held in the U.S. Virgin Islands. Accordingly, this argument does not significantly favor either side.

[8] The defendants' reference to Cavanaugh v. Bluebeard's Castle, Inc., 83 F. Supp. 2d 284 (D. Conn. 1999), is unpersuasive.  In analyzing the convenience of the witnesses, the only witnesses mentioned were located in the Virgin Islands.  See id. at 287.  Moreover, in that case, the plaintiffs had chosen the Virgin Islands as their forum of choice.  Id. at 288 (noting that "the plaintiffs have already filed suit and retained counsel in the Virgin Islands").

C.  <u>Motion to Dismiss Under Rule 19</u>

The defendants argue that dismissal is appropriate because the Trosses have failed to join an indispensable party.  <u>See</u> Fed. R. Civ. P. 12(b)(7), 19.[9]  Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party."  <u>Viacom Int'l, Inc. v. Kearney</u>, 212 F.3d 721, 724 (2d Cir. 2000).  At the first step, the court must determine whether the party is a "necessary," or "required," party under Rule 19(a), <u>i.e.</u>, whether the absent party "belongs in the suit." <u>Id.</u> (citing <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 124 (1968)).  "A party cannot be indispensable unless it is a 'necessary party' under Rule 19(a)."  <u>Jonesfilm v. Lion Gate Int'l</u>, 299 F.3d 134, 139 (2d Cir. 2002) (citing <u>ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.</u>, 102 F.3d 677, 681 (2d Cir. 1996)). Accordingly, if the court determines that the absent party is not necessary under Rule 19(a), then it need not proceed to the second step to determine whether such absence warrants dismissal under Rule 19(b).  <u>Viacom Int'l, Inc.</u>, 212 F.3d at 724 (citing <u>Associated Dry Goods Corp. v. Towers Fin. Corp.</u>, 920 F.2d 1121, 1123 (2d Cir. 1990)).

Rule 19(a) provides that an absent party should be joined, if feasible, where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  Here, the defendants contend that Cliff Creek is a necessary party for two reasons.  First, as the entity that allegedly installed the bathroom tiles, it

---

[9] In deciding a motion pursuant to Rule 12(b)(7), a court may consider evidence outside the pleadings.  <u>See</u> <u>Albahary v. City and Town of Bristol, Conn.</u>, 963 F. Supp. 150, 157 (D. Conn. 1997).

was an "active participant in the alleged tortuous behavior," and thus constitutes a necessary party that must be joined. Defs.' Mot. at 22. Second, failing to join Cliff Creek would subject the defendants to multiple or inconsistent obligations, because of a contract between Cliff Creek and RCHVI that allegedly indemnified RCHVI against "any suits arising from the work [Cliff Creek] performed." Id. at 23.[10]

Cliff Creek is not a necessary party under Rule 19(a)(1)(A), because complete relief is possible between the "existing parties," i.e., between the Trosses and the defendants, even if Cliff Creek is not joined. In Mastercard Int'l Inc. v. Visa Int'l Serv. Assoc., Inc., 471 F.3d 377 (2d Cir. 2006), the Second Circuit upheld the district court's refusal to dismiss a case under Rule 19(a)(1), even where there was "no question" that there would be further litigation between the defendant and the absent party if the plaintiff prevailed at trial, because the party's absence from the lawsuit did not prevent the plaintiff from obtaining "complete relief as to" the defendant. Id. at 385. Similarly, here the Trosses claim that the defendants were negligent and that the defendants' negligence caused Mr. Tross' injuries. Whether or not Cliff Creek was also negligent is irrelevant. If the Trosses prevail at trial based on the theory that the defendants were negligent, they will be able to recover fully from the defendants. Thus, Cliff Creek's status as a potential joint tortfeasor does not render it a "necessary party" under Rule 19(a)(1). See Yamaha Motor Corp., U.S.A. v. Ferrarotti, 242 F.R.D. 178, 182 (D. Conn. 2007) (citing Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880 (5th Cir.

---

[10] In support of its arguments, the defendants rely on a 1982 district court case, in which the Middle District of Pennsylvania held that dismissal was proper under Rule 19 where relatives of victims of a plane crash in Scotland brought negligence and products liability claims against an airplane manufacturer, but failed to join two Scottish companies who maintained and inspected the aircraft. See Whyham v. Piper Aircraft Corp., 96 F.R.D. 557 (M.D. Penn. 1982).

1987), for the proposition that a "joint tortfeasor . . . is not required to be joined under Rule 19").

Cliff Creek is also not a "necessary party" under Rule 19(a)(1)(B).  First, the defendants have not provided evidence that Cliff Creek has "claimed" an interest in the action.  See Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 2006) ("It is the absent party that must claim an interest." (internal quotation marks and citation omitted)).  There is no indication that Cliff Creek has sought to intervene to protect its rights.  See Friends of Animals, Inc. v. City of Bridgeport Police Dept., No. 06-CV-1708, 2007 WL 201245, *4 (D. Conn. Jan. 23, 2007) (refusing to consider absent party "necessary" where that party "has not claimed an interest in this case" and "has not sought to intervene").  Indeed, the defendants' attempt to assert Cliff Creek's supposed rights "on behalf of" the absent party "falls outside the language of the rule."  Peregrine Myanmar Ltd., 89 F.3d at 49.  Second, the defendants have failed to show how a failure to join Cliff Creek would subject the existing defendants to multiple or inconsistent obligations.  Again, if the Trosses prevail at trial and are able to recover from the defendants, the defendants may subsequently seek to recover from third parties they believe were joint tortfeasors or from third parties against which they believe they are indemnified.  Nothing in that scenario suggests that the defendants would be subject to multiple or inconsistent obligations.

Because this court finds that Cliff Creek is not a "necessary party" under Rule 19(a), it need not proceed to analyze Rule 19(b), and will not dismiss this action for failure to join an indispensable party.

**V.      CONCLUSION**

For the foregoing reasons, the defendants' Motion for Summary Judgment and

Motion to Transfer or Dismiss (Doc. No. 25) is **DENIED**.[11]

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of March, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[11] The court has not considered the Trosses' "Suppplemental Memorandum" (Doc. No. 73).